## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Ruth Lee Vass

October 18, 1995

Case No. (Criminal) 88925

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on the Defendant's motion to suppress certain statements that she made on May 13, 1995, about the presence and location of PCP in the Defendant's apartment. For the reasons set forth below, the Court denies the Defendant's motion to suppress the statements.

The events giving rise to this motion were testified to by Officer Dean at oral argument. On May 13, 1995, the Fairfax County Police Department, acting on an informant's tip, executed a search warrant at the Defendant's apartment. Participating in the execution of the warrant were members of the County's TAC team along with other assigned uniformed police officers. The TAC team, comprised of eight or nine officers, went into the apartment, secured it, and then left. Following the TAC team's arrival, seven or eight officers entered the apartment to execute the search. During the TAC team's sweep and the subsequent search, the Defendant was seated in the living room of her two-bedroom apartment. Officer Dean testified that there were as many as six officers in the apartment with the Defendant at any one time. Officer Dean asked to speak to the Defendant shortly after the second group of officers arrived, and the Defendant agreed. Officer Dean questioned the Defendant in the bathroom. He testified that he had done this because the bathroom was the only room which had been completely searched at the time.

In response to questions from Officer Dean, the Defendant stated that she knew that her two sons smoked PCP. When asked if she had seen any PCP in the apartment, the Defendant replied that she had seen some on top

of a cabinet. The Defendant also stated that she knew what PCP smelled like. A search of the apartment revealed a jar of substance appearing to be PCP in the refrigerator. During the questioning, the Defendant stated that she did not feel well, and Officer Dean offered her water and asked her repeatedly if she wanted to go to the hospital. He never informed her that she was under arrest and never told her that she was free to leave at any time. The Defendant was not handcuffed or physically restrained in any way. No weapons were drawn. During the questioning, the bathroom door was left open, and a uniformed officer stood outside. The questioning lasted approximately twenty minutes. Once the jar was discovered in the refrigerator, the Defendant was placed under arrest, given the warnings specified in *Miranda v. Arizona*, 384 U.S. 436 (1966), and further questioned by another officer.

The Defendant brings this motion to suppress statements made to Officer Dean from admission at trial, arguing that the statements were obtained in violation of the Fifth Amendment protection against self-incrimination. The Defendant was not given the *Miranda* warnings before Officer Dean questioned her. The Defendant argues that under the principles of *Miranda* as they are recognized in Virginia cases such as *Blain v. Commonwealth*, 7 Va. App. 10, 371 S.E.2d 838 (1988), when an individual is in custody and is subjected to interrogation, the protections of *Miranda* are triggered and the warnings against self-incrimination must be given before questioning is permitted. The Commonwealth does not dispute that the Defendant was interrogated by Officer Dean, and the issue before this Court is whether the Defendant was in custody at the time of the interrogation.

The Court finds that the Defendant was not in custody when she was questioned by Officer Dean. Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way," *see May v. Commonwealth*, 3 Va. App. 348, 352, 349 S.E.2d 428, 430 (1986). An accused may be in custody in locations other than police headquarters. *Wass v. Commonwealth*, 5 Va. App. 27, 32 (1987); *Orozco v. Texas*, 394 U.S. 324 (1969). The totality of circumstances must be considered in determining whether the Defendant was in custody when questioned, but the ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement of the degree associated with formal arrest. *Wass*, 5 Va. App. at 32 (citing *California v. Beheler*, 463 U.S. 1121 (1983)). In making that determination, the situation must be viewed from

the vantage point of how a reasonable person in the suspect's position would have understood her situation. *Wass*, 5 Va. App. at 32 (citing *Berkemer v. McCarty*, 468 U.S. 420 (1984)).

The Defendant relies heavily on the facts of *Wass* to support her argument. In *Wass*, ten to twelve police officers arrived at the defendant's house by a dump truck and helicopters. They told the Defendant to control his two dogs or they would kill them. The officers surrounded the house, standing guard; two stood watch at the front door. All were armed, some with shotguns, and they remained at the home during the search. Furthermore, the police officers led the Defendant in the house and sat him in a chair before interrogating him. Although the officers told Wass he was free to leave, they also told him that they preferred that he stay. In *Wass* the police seized control of the Defendant's private residence in "an impressive display of force and manpower . . . in a manner suggestive of a military maneuver." *Wass*, 5 Va. App. at 34.

This Court finds that while *Wass* is factually similar to the present case, the circumstances of this case, viewed in totality from the perspective of a reasonable person in the Defendant's position at the time, do not give rise to a finding that the Defendant was in custody during the questioning. The Court finds that the security measures used by the TAC team and the questioning of the Defendant by Officer Dean did not produce a coercive environment or restrict the Defendant's freedom of movement to the degree associated with a formal arrest.

The Court therefore denies the Defendant's motion to suppress the statements.